# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

04-CV-201-DLB

ANGIE L. BOWMAN
6905 Lawrenceville Road
Williamstown, KY 41097
Grant County

    Plaintiff

-v-

BUILDER'S CABINET SUPPLY
COMPANY
c/o   Robert L. Porter, Jr.
      Statutory Agent
      8145-B Connector Drive
      Florence, KY 41042
      Boone County

    Defendant

Eastern District of Kentucky
**FILED**
SEP 2 4 2004
AT COVINGTON
LESLIE G. WHITMER
CLERK U S DISTRICT COURT

**COMPLAINT AND JURY DEMAND**

## I. PRELIMINARY STATEMENT

1. This is an action alleging violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq., (hereinafter "FLSA") and Kentucky's Wage and Hour Standard, K.R.S. Chapter 337. Redress sought by Plaintiff includes unpaid wages, unpaid overtime compensation, liquidated damages, punitive damages, reasonable attorney's fees, court costs and any other relief warranted in the interests of justice.

## II. JURISDICTION

1

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1331, inasmuch as the claim arises under the FLSA, 29 U.S.C. §210 et seq. Jurisdiction is proper under 29 U.S.C. §216(b). This Court has pendent jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3. Plaintiff Angie Bowman (hereinafter "Bowman") was an employee of Defendant Builder's Cabinet Supply and is now, and at all times relevant herein, a resident of the state of Kentucky.

4. Defendant Builder's Cabinet Supply (hereinafter "BCS") is a corporation organized and existing under the laws of the Commonwealth of Kentucky and during all relevant times herein, the former employer of Plaintiff Angie Bowman.

### IV. STATEMENT OF FACTS

6. Defendant BCS is a retailer of cabinets.

7. Plaintiff was employed by Defendant from March 3, 2003 until January 19, 2004 as a kitchen cabinet designer and salesperson.

8. During the regular course of her employment, Plaintiff was required to market kitchen cabinets to the general public and wholesalers primarily in the Defendants showroom.

9. Plaintiff was paid a salary.

10. Defendant discontinued paying Plaintiff on December 12, 2003, claiming Plaintiff's sales were deficient and therefore, Plaintiff owed Defendant $7553.00 wage over-payments.

11. Plaintiff continued to market kitchen cabinets in the Defendant's showroom without compensation.

12. Plaintiff regularly worked an excess of 40 hours in any given workweek.

2

13. Plaintiff did not receive overtime compensation for hours worked in excess of forty hours per week.

14. On January 19, 2004 Defendant met with Plaintiff and stated Plaintiff employment could not continue.

15. Plaintiff's employment with Defendant terminated on January 19, 2004.

## V. CLAIMS

COUNT ONE: FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME

16. Paragraphs one through fifteen are incorporated herein as if fully rewritten

17. Plaintiff Angie Bowman was employed by Defendants Builder's Cabinet Supply.

18. Defendant is employers, as defined by the FLSA, and engaged in interstate commerce.

19. Plaintiff regularly worked in excess of forty hours per week while employed by Defendants.

20. Plaintiff was not paid for hours in excess of forty hours per week at a rate of one and one-half times the regular rate.

21. Defendants' failure to compensate Plaintiff at one and one-half times the regular rate for hours worked in excess of forty hours per week is a violation of the FLSA.

COUNT TWO: FAIR LABOR STANDARDS ACT: FAILURE TO PAY MINIMUN WAGE

22. Paragraphs one through twenty-one are incorporated herein as if fully rewritten

23. Plaintiff Angie Bowman was employed by Defendants Builder's Cabinet Supply.

24. Defendant is an employer, as defined by the FLSA, and engaged in interstate commerce.

25. During the regular course of her employment, Plaintiff was required to market kitchen cabinets to the general public and wholesales primarily in the Defendants showroom.

26. Plaintiff was paid a salary.

27. Defendant discontinued paying Plaintiff on December 12, 2003.

28. Plaintiff continued to market kitchen cabinets on Defendant's behalf without compensation until the termination of her employment on January 19, 2004.

29. Defendant failed to pay Plaintiff minimum wages is a violation of the Fair Labor Standard Act.

### COUNT THREE: KENTUCKY MINIMUM FAIR WAGE STANDARDS: FAILURE TO PAY TIME AND A HALF

30. Paragraphs one through twenty-nine are incorporated herein as if fully rewritten.

31. Plaintiff Angie Bowman was an employee of Defendants BCS as defined by K.R.S. §337.010(1) (e).

32. Defendants Builder's Cabinet Supply was Plaintiff's employer, as defined by K.R.S. §337.010(1) (d).

33. Plaintiff regularly worked in excess of forty hours per week while employed by Defendants.

34. Defendants failed to pay Plaintiff at a rate of one and one-half the her regular rate of pay for hours worked in excess of 40 hours in any one workweek, pursuant to K.R.S. §337.285(1).

## COUNT FOUR: KENTUCKY MINIMUM FAIR WAGE STANDARDS: FAILURE TO PAY MINUMIUM WAGE

35. Paragraphs one through thirty-four are incorporated herein as if fully rewritten.

36. Plaintiff Angie Bowman was an employee of Defendants BCS as defined by K.R.S. §337.010(1) (e).

37. Defendants Builder's Cabinet Supply was Plaintiff's employers, as defined by K.R.S. §337.010(1) (d).

38. During the regular course of her employment, Plaintiff was required to market kitchen cabinets to the general public and wholesales primarily in the Defendants showroom.

39. Plaintiff was paid a salary.

40. Defendant discontinued paying Plaintiff on December 12, 2003.

41. Plaintiff continued to market kitchen cabinets on behalf of Defendant without compensation until the termination of her employment on January 19, 2004.

42. Defendant failed to pay Plaintiff minimum wage is a violation of Kentucky's Wage and Hour Statute.


## COUNT FOUR: KENTUCKY WAGE AND HOUR: UNLAWFUL WAGE WITHHOLDING

43. Paragraphs one through forty-two are incorporated herein as if fully rewritten.

44. Plaintiff Angie Bowman was an employee of Defendants BCS as defined by K.R.S. §337.010(1) (e).

45. Defendants Builder Supply Cabinet was Plaintiff's employers, as defined by K.R.S. §337.010(1) (d).

5

46. During the regular course of her employment, Plaintiff was required to market kitchen cabinets to the general public and wholesales primarily in the Defendants showroom.

47. Defendant deducted money from Plaintiff earnings without Plaintiff's authorization.

48. Plaintiff was not provided written statements of the amount of deductions withheld from her wages.

49. By withholding moneys from Plaintiff wages and not providing Plaintiff an accounting of such withholdings, Defendant acted in violation of K.R.S. § 337.060(1) and K.R.S. § 337.070.

COUNT FIVE: KENTUCKY MINIMUM FAIR WAGE STANDARDS: FAILURE TO PAY WAGES

50. Paragraphs one through fifty are incorporated herein as if fully rewritten.

51. Plaintiff Angie Bowman was an employee of Defendant BCS as defined by K.R.S. §337.010(1) (e).

52. Defendants Builder's Cabinet Supply was Plaintiff's employer, as defined by K.R.S. §337.010(1) (d).

53. During the regular course of her employment, Plaintiff was required to market kitchen cabinets to the general public and wholesalers primarily in the Defendant's showroom.

54. Defendant discontinued paying Plaintiff on December 12, 2003.

55. Plaintiff continued to market kitchen cabinets on Defendant's behalf without compensation until the termination of her employment on January 19, 2004.

56. Defendant's failure to pay Plaintiff wages in violation of Kentucky's Wage and Hour

6

Payment of Wages Statue.

## COUNT SIX: PUNITIVE CONDUCT

57. Paragraphs one through fifty-six are incorporated as if fully rewritten.

58. Defendants knowingly and intentionally failed to provide Plaintiff of an accurate accounting of sales and commissions with the intent to mislead Plaintiff about the amount of wages that she was due.

33. These actions were taken with actual malice and/or reckless disregard for Plaintiff's legal rights.

## VI. PRAYER FOR RELIEF

34. Paragraphs one through thirty-three are incorporated as if fully rewritten.

35. Plaintiff prays for judgment to be entered in her favor and against Defendant, as follows:

36. An award of unpaid wages and overtime compensation in an amount to be determined at trial;

37. An award of liquidated damages;

38. An award of compensatory damages for embarrassment and humiliation;

39. An award of punitive damages to be determined at trial;

40. A finding that the Defendants' violations of the FLSA were willful;

41. An award of attorney's fees, interest and costs; and,

42. Such other relief as is warranted in the interests of justice.

7

Respectfully submitted,

*Elizabeth Zink Pearson*

Elizabeth Zink Pearson (OH Reg. 0047284)
Trial Attorney for Plaintiff

Pearson & Bernard, PSC
1224 Highway Avenue
Covington, KY 41011
(859) 655-3700
(859) 655-3703 (fax)

## VII.  JURY DEMAND

With the filing of this Complaint, Plaintiff hereby demands a jury on all issues so triable.

8